**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Shelly M. Puklich, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION FOR COSTS** |
| vs. | ) | |
| | ) | Case No. 1:10-cv-041 |
| Patrick R. Donahoe, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the "Defendant's Motion for Costs Pursuant to 28 U.S.C. § 1920" filed on November 7, 2012. See Docket No. 27. The Defendant requests the following costs be awarded:

> 3. Defendant reasonably and necessarily incurred the following recoverable costs:
>
>    a. Cost of deposition transcript for deposition of Plaintiff, used as basis for summary judgment motion, in the amount of $1,315.10 as authorized by 28 U.S.C. § 1920(2); see also Bathke v. Casey's Gen. Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995); and
>
>    b. Cost of obtaining copies of Plaintiff's medical records from Medcenter One, Inc., in the amount of $20.00, which were necessary for use in the case as authorized by 28 U.S.C. § 1920(4).

See Docket No. 27, pp. 1-2. The Defendant's attorney affirmed that these costs are correct and were necessarily incurred in the action. The Plaintiff filed a responsive brief in opposition to the Defendant's motion on November 14, 2012. See Docket No. 28. The Defendant filed a reply on November 14, 2012. See Docket No. 29.

It is well-established that the Court has the discretion to tax costs as set forth in 28 U.S.C. § 1920, which provides in pertinent part:

(1) Fees of the clerk and marshal;

>    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>    (3) Fees and disbursements for printing and witnesses;
>
>    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>    (5) Docket fees under section 1923 of this title;
>
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The costs requested by the Defendant are permitted under the law. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Nevertheless, in the exercise of its broad discretion, the Court declines to assess statutory costs in this case. As a result, the Court **DENIES** the Defendant's motion for costs (Docket No. 27).

**IT IS SO ORDERED**.

Dated this 13th day of December, 2012.

>                                     */s/ Daniel L. Hovland*
>                                     Daniel L. Hovland, District Judge
>                                     United States District Court